UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


ABSOLEM STEVEN-JAMAR THOMAS,

       Plaintiff,

v.                                      Case No. 2:06-cv-227
                                      HON. R. ALLAN EDGAR
JENNIFER KARR, et al.,

       Defendants.

_____/


## REPORT AND RECOMMENDATION

       Plaintiff, a prisoner confined at the Alger Maximum Correctional Facility, filed this

*pro se* prisoner 42 U.S.C. § 1983 action against MDOC employees Jennifer Karr, Terri Luke, Julie

Dellies, Sergeant Tim Lee, Sergeant Michael Arkins, Deputy Warden Lloyd Rapelje, and Warden

David Bergh.  All defendants are sued in their official and individual capacities.  Plaintiff is seeking

$880,000 in punitive and $60,000 in compensatory damages from Defendant Luke; $830,000 in

punitive and $45,000 in compensatory damages from Defendant Karr; and $20,000 punitive and

$10,000 compensatory from each of the remaining Defendants.  Plaintiff also seeks injunctive relief

in the form of an "order for termination."

       Plaintiff's complaint alleges that he was issued three prison disciplinary charges as

a result of a conspiracy on behalf of Defendants.  Plaintiff claims that Defendants have discriminated

against him based on his race and retaliated against him for his complaints pertaining to staff

misconduct by filing false misconducts against him.  On February 3, 2006, Plaintiff was issued a

major misconduct ticket by Defendant Luke for "Destruction or Misuse of State Property with a

Value of $10.00 or More" after Defendant observed Plaintiff standing on his rolled up mattress and exposing his genitals in his cell door window.  The charge was not upheld following an administrative hearing because the prison failed to establish by a preponderance of the evidence that Plaintiff was actually observed standing on his mattress.  The video contradicted Defendant Luke's claim that she observed Plaintiff standing on his mattress.

On February 8, 2006, Plaintiff was issued a major misconduct for "Disobeying a Direct Order" by Defendant Karr after Plaintiff refused to come out of the show when ordered by Defendant Luke.  Plaintiff claims that he immediately began complying with the order by putting on his clothes, but a major misconduct ticket was written against him.  The charge was upheld following an administrative hearing.  On April 13, 2006, Plaintiff was issued another major misconduct for "Sexual Misconduct" after Plaintiff called for Defendant Dellies and she saw him masturbating.  Plaintiff claims that the placement of the window made it physically impossible for Dellies to have seen his penis.  Plaintiff alleges that Dellies was retaliating against him because he "beat" the misconduct ticket Defendant Karr wrote him.

Presently before the Court is Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its

pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants first request that the Court dismiss this action for Plaintiff's failure to properly exhaust his administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *Jones v. Bock*, 127 S. Ct. 910 (Jan. 22, 2007). *See also Booth v. Churner*, 121 S. Ct. 1819, 1823-24 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Booth*, 121 S. Ct. at 1823; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 121 S. Ct. 634 (2000); *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999); *Wyatt*, 193 F.3d at 878-79; *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

In *Jones*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." Moreover, the burden is on Defendants to show that Plaintiff failed to exhaust when asserting exhaustion as an affirmative defense. Exhaustion is no longer a pleading requirement. The Supreme Court also rejected total exhaustion, holding that when a defendant establishes lack of exhaustion as an affirmative defense, only the unexhausted claim may be dismissed.

Accordingly, it is inappropriate to dismiss a case for failure to exhaust on a Rule 12(b) motion unless the plaintiff states in his complaint that he failed to exhaust his grievances against a defendant on a particular claim. The fact that Plaintiff attaches grievances to his complaint that may not show exhaustion of every issue presented is of no consequence, because Plaintiff has no duty to show exhaustion. The burden lies solely with a defendant to show that Plaintiff failed to exhaust grievance remedies. It is each defendant's responsibility to support a motion for summary judgment with specific reasons why a issue should be dismissed for failure to exhaust. A general statement that Plaintiff failed to exhaust his grievance remedies will not be sufficient.

Moreover, where Defendants' claim that a grievance was not properly filed, it is also Defendants' burden to establish that Plaintiff's grievances were procedurally defective. In *Woodford v. Ngo*, 126 S. Ct. 2378, 2393 (2006)*,* the Supreme Court held that a prisoner fails to satisfy the Prison Litigation Reform Act's (PLRA) exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance. Accordingly, because Defendants have not met their burden of establishing that Plaintiff failed to exhaust his administrative remedies, their motion to dismiss should be denied on the exhaustion issues.

Plaintiff asserts that he was subjected to racial discrimination and claims that Defendants engaged in a conspiracy to violate his Fourteenth Amendment right to equal protection.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.   U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals.  *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976).  A person's conduct is legitimate for purposes of this clause even though it may have been mean-spirited, ill-considered, or otherwise unjustifiable, objectionable or unreasonable, so long as it was not motivated by class-based discrimination.  *See Galbraith v. Northern Telecom Inc.*, 944 F.2d 275, 282 (6th Cir. 1991), *cert. denied*, 503 U.S. 945 (1992).  Absent some allegation or proof that the law was applied differently to plaintiff because of race, gender, age, or some other improper classification, no equal protection claim has been stated.  *See Wagner v. Higgins*, 754 F.2d 186, 194 (6th Cir. 1985) (Conte, J., concurring).

The claim that a plaintiff was treated one way and everyone else was treated another way, by itself, is not sufficient to state an equal protection claim.  *Newell v. Brown*, 981 F.2d 880, 887 (6th Cir. 1992), *cert. denied*, 510 U.S. 842 (1993). To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  Plaintiff alleges that he was intentionally treated differently from non-minority prisoners, because he is black and asserts that Defendants are members of the "Northern Pride of the Ku Klux Klan."  However, Plaintiff provides no specific factual allegations to support his contentions.  His allegations are merely conclusory.  Defendants deny that they entered into a conspiracy to write false

- 5 -

misconducts against Plaintiff because of racial discrimination.  Additionally, Plaintiff has failed to allege facts establishing that Defendants discriminated against him based on race or that Defendants were members of the Ku Klux Klan.  Therefore, Plaintiff's equal protection claim is without merit.

Plaintiff also alleges that Defendants used derogatory, racial slurs when referring to him and claims that they called him a "nigger."  However, the undersigned notes that occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude.  *See*, *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir. 1985); *Owens v. Johnson*, No. 99-2094, 2000 WL 876766, *2 (6th Cir. Jun. 23, 2000) (unpublished).

Moreover, in the opinion of the undersigned, Defendants are entitled to summary judgment on Plaintiff's retaliation claims.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct.  *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated against.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000).   Plaintiff's allegations of

Defendants' retaliatory conduct regarding the February 3, 2006, misconduct charge are conclusory and unsupported by evidence.  Although Plaintiff alleges that Defendants retaliated against him for filing grievances, he does not aver the filing of a non-frivolous grievance or lawsuit prior to his February 3, 2006, misconduct charge.  Plaintiff has not shown that he engaged in "protected conduct."  Therefore, Plaintiff cannot establish that there was a causal connection between his exercise of "protected conduct" and the allegedly adverse action.  In the opinion of the undersigned, Plaintiff has failed to demonstrate the existence of a genuine issue of material fact as to whether Defendants engaged in retaliatory conduct toward him regarding the February 3 misconduct charge. Therefore, Defendants are entitled to summary judgment on Plaintiff's retaliation claim.

Plaintiff also alleges that the February 8, 2006, and April 13, 2006, major misconduct tickets he was issued were false and issued in retaliation for filing past grievances.  The Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned.  *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing).  The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *Edwards*, 520 U.S. at 646 (emphasis in original).  As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity

- 7 -

of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005).  Thus, where

a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of

the deprivation of good-time credits, his claim is not cognizable under § 1983.  *Id.*; *see also Bailey*

*v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit

decisions applying *Edwards* to procedural due process challenges), *cert. denied*, 122 S. Ct. 1795

(2002).  *See also Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar

applies to prison misconduct challenges only when good-time credits are implicated).

        In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court clarified that

*Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action

may be filed only in cases where the duration of the prisoner's sentence is affected.  *See Johnson v.*

*Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004).  In other words, *Edwards*

still applies where a plaintiff has lost good time as the result of the misconduct conviction.  Under

Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary

conviction.  *See* MICH. COMP. LAWS § 800.33.  In addition, the warden may order forfeiture of

previously accumulated credits in cases.  *Id.*  Accordingly, Plaintiff's claim remains noncognizable

under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of

his disciplinary conviction.  *See  Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th

Cir. June 9, 2004).

        Under Michigan law, a prisoner may seek a rehearing of a decision made by the

Hearings Division within thirty calendar days after a copy of the Misconduct Report is received.

MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD.  Upon denial of his motion for

rehearing, a prisoner may file an application for leave to appeal in the state circuit court.  *See* MICH.

- 8 -

COMP. LAWS  § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal).  If he is not successful, he may then seek to overturn the convictions.

Plaintiff was found guilty of the February 8, 2006, and April 13, 2006, misconduct charges and has not demonstrated that these findings were reversed or invalidated.  In the opinion of the undersigned, with respect to the second and third misconducts, Plaintiff's claims that he was convicted of false, retaliatory misconducts are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).

Regarding Plaintiff's conspiracy claim, it is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under 42 U.S.C. § 1983.  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984).  Plaintiff's conspiracy claims are entirely conclusory and unsupported by evidence; therefore, the undersigned recommends dismissal of Plaintiff's conspiracy claims.

In their motion for summary judgment, Defendants contend that Plaintiff has failed to demonstrate the personal involvement of Defendants Lee, Arkens, Rappelje, and Bergh relating to Plaintiff's 42 U.S.C. § 1983 claim.  Liability under Section 1983 must be based on more than merely the right to control employees.  *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*.  *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325.  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert.*

*denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights.  *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985).  However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct.  *Leach*, 891 F.2d at 1246.  Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable.  *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992).  In addition, plaintiff must show that defendant had some duty or authority to act.  *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991).  In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability.  *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988).  Finally, supervisory liability claims cannot be based on simple negligence.  *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Lee, Arkens, Rapelje, and Bergh were personally involved in the alleged conspiracy to retaliate and discriminate against him.

- 10 -

Moreover, Plaintiff has not provided evidence to support a claim based on supervisory liability. Accordingly, the Court concludes that Plaintiff's claims against Defendants Lee, Arken, Rapelje, and Bergh are properly dismissed for lack of personal involvement.

Alternatively, Defendants move for qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the

- 11 -

unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff.  Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998).  Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge.  "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding."  *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40.  *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus, qualified immunity is not triggered only where the very action in question was previously held unlawful.  *Anderson*, 483 U.S. at 639-40.  Rather, the test is whether the contours

of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights.  *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983.  Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty.  *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten).  *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted.  *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429.  If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Turner*, 119 F.3d at 429.  These are both purely legal questions.  The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights.  *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991).

In this case, Plaintiff has failed to meet his burden of showing that Defendants violated any clearly established statutory or constitutional right or that any official in Defendants'

- 13 -

positions would have clearly understood that he was under an affirmative duty to refrain from such conduct.  In the opinion of the undersigned, all Defendants are entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendants' Motion for Summary Judgment.  Accordingly, it is recommended that Defendants' Motion for Dismissal and Summary Judgment (Docket #21) be granted and this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal.  It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 2, 2007

- 14 -